IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PHILLIP M. NOEL,**

                **Plaintiff,**

     v.                                      CASE NO. 12-3116-SAC

**(FNU) ELLIOT, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a person held in the Wyandotte County Detention Center, Kansas City, Kansas. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

*Screening*

The court must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or an officer or an employee of such an entity. *See* 28 U.S.C. §1915A(a). In this screening, the court must identify viable claims and must

---

[1] Because the financial records plaintiff submits in support of the motion reflect a negative balance, the court does not impose an initial partial filing fee. Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

dismiss any part of the complaint that it finds is frivolous or malicious, that fails to state a claim for relief, or that seeks monetary damages from a defendant who is immune from such relief. *See* §1915A(b).

A pro se litigant's pleadings must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the plaintiff bears the burden to "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The complaint must identify "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff claims he was assaulted by defendant Elliott on the evening of February 11, 2012, an event he describes as follows:

> On Feb. 11, 2012, I Phillip M. Noel was leaving Med. pass in the day space area of G pod in Wyandotte County Detention Center to return to my cell when officer Elliot started arguing with me about my medication. I told her I had already taken it. She was determined to advise me that she wasn't a nurse, I had no intentions of arguing which she got in my face, so I walked away from her. This made her very angry, and she grabbed ahold of my right arm with enough force to stop my forward motion. (Doc. 1, p. 3.)

Plaintiff seeks the prosecution of defendant Elliott for felony assault and costs, and he seeks mental and punitive damages.

### Discussion

First, to the extent plaintiff seeks the initiation of criminal charges against defendant Elliott, he fails to state a claim upon which relief may be granted. As a private citizen, plaintiff simply

2

has no authority to prosecute criminal charges. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)(criminal statutes that do not provide a private right of action are not enforceable through a civil action) and *Mamer v. Collie Club of America, Inc.*, 229 F.3d 1164, *2 (Table)(10th Cir. 2000)("private citizens cannot prosecute criminal actions").

Next, under the Prisoner Litigation Reform Act, a prisoner is not entitled to recover damages for emotional or mental injuries without making a showing of physical injury. 42 U.S.C. §1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Plaintiff does not assert that he sustained any physical harm as a result of defendant Elliot's effort to restrain him, and his claim for monetary relief therefore fails. *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

Moreover, to the extent plaintiff's allegations may be read to suggest the use of force was improper, his claim must fail. It is well-settled that not "every malevolent touch by a prison guard gives rise to a federal cause of action". *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The complaint acknowledges that plaintiff attempted to walk away from a guard who was addressing him, and he states only that the use of force was sufficient to stop him from doing so. This use of force was supported by a legitimate penological motive.

Finally, while the complaint identifies the Wyandotte County

3

Case 5:12-cv-03116-SAC   Document 3   Filed 06/12/12   Page 4 of 4

Detention Center as a defendant, plaintiff makes no specific allegation against that entity.

To pursue a claim under § 1983 against an entity, a plaintiff must allege that the entity had a policy or practice that contributed to the claimed constitutional violation. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215-16 (10th Cir.2003). Plaintiff makes no such allegation against the detention facility, and the facility cannot be held liable on the ground that it employs defendant Elliott, that is, it cannot be held liable on a theory of respondeat superior. *Id.* at 1216 (quotation omitted).

For these reasons, the court concludes plaintiff states no claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

DATED:  This 12th day of June, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4